**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TOI TAYLOR, | |
| Plaintiff, | No. 1:24-CV-04729 |
| v. | Judge Edmond E. Chang |
| AVERITT EXPRESS, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Toi Taylor brings this race- and sex-discrimination lawsuit against her former employer, transportation company Averitt Express, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Taylor, who drove for the company, alleges that Averitt discriminated against her and then retaliated against her after she filed a charge with the Equal Employment Opportunity Commission (EEOC). R. 1, Compl. ¶¶ 12–13.[1] Averitt moves to dismiss the complaint, arguing that Taylor's claims are time-barred because she failed to file a complaint within 90 days of receiving the EEOC right-to-sue letter. R. 20, Def.'s Mot. to Dismiss at 1. Averitt also argues that the untimely complaint is not subject to equitable tolling. R. 29, Def.'s Reply at 4–7. For the reasons discussed below, Averitt's motion to dismiss (which is really a motion for judgment on the pleadings) is granted.

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

## I. Background

In evaluating a motion to dismiss (or, as noted below, a motion for judgment on the pleadings), the Court accepts the complaint's factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Toi Taylor, an African-American female, began working at Averitt Express in 2016. Compl. ¶ 13. Most recently, Taylor was employed by Averitt as a city driver. *Id.* Taylor alleges that on or about March 9, 2022, Averitt discriminated against her based on her race and sex by subjecting her to harassment and different conditions of employment than her colleagues, including requiring her to continuously account for her daily time and hours. *Id.* ¶¶ 6, 13. Taylor filed a charge of discrimination against Averitt with the EEOC on March 17, 2022, describing the discrimination that she experienced. *Id.* ¶ 7.1.

In response, the EEOC eventually issued a Notice of Right to Sue letter on February 29, 2024. Compl. at ECF page number 7. Taylor alleges that she received the notice on March 8, 2024. *Id.* ¶ 8. The letter informed Taylor that the EEOC could not conclude that Averitt discriminated against her and would not proceed further with its investigation, but that Taylor was free to pursue the claims against Averitt by filing a lawsuit in federal or state court. *Id.* at ECF page number 7. The letter warned (in bold typeface) Taylor that if she wanted to file a lawsuit against Averitt on this charge under federal law or in state court, then the "lawsuit must be filed WITHIN 90 DAYS of" her receipt of the notice. *Id.* (capitalization in original).

But Taylor did not file the suit within 90 days. Unfortunately, she filed the pro se complaint in federal court on June 7, 2024, which is 91 days after she received the notice of right to sue letter. *See* Compl. Averitt now moves to dismiss the case, arguing that Taylor failed to sue within the 90-day window. Def.'s Mot. to Dismiss at 1. Taylor maintains that as a pro se litigant learning to navigate court proceedings, the failure to submit a timely complaint was due to a miscalculation and should be accepted as timely under the doctrine of equitable tolling. R. 27, Pl.'s Resp. at 3.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

A Rule 12(b)(6) motion "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Iqbal,* 556 U.S. at 678 (cleaned up).[2] These allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. In considering a motion to dismiss, a court may review exhibits attached to the complaint without converting the motion to one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Having said that, although Averitt invoked Rule 12(b)(6) in moving to dismiss, this type of statute of limitations challenge is not properly presented under that particular rule. The statute of limitations is an affirmative defense, and "plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Indeed, the Seventh Circuit has noted that dismissal under Rule 12(b)(6) on the basis of the statute of limitations is "irregular," because Rule 12(b)(6) tests the adequacy of the legal claim, not its timeliness. *United States v. Northern Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c)). Nevertheless, when the allegations of the complaint itself reveal that the case is barred by the statute of limitations, dismissal might be appropriate. *See Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010) ("[I]f it is plain from the complaint that the [statute of limitations] defense is indeed a bar to the suit dismissal is proper without further pleading."). So long as

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

no discovery is needed to fill-in factual gaps, a dismissal on statute of limitations grounds can be properly granted as, in effect, a judgment on the pleadings under Rule 12(c). *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *Brooks v. Ross*, 578 F.3d at 579). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded allegations as true and view the alleged facts in the light most favorable to the non-moving party. *Id.*

### III. Analysis

Averitt asserts that Taylor's case must be dismissed because Taylor failed to sue within the 90-day limitations window after receiving the EEOC right-to-sue letter. Def.'s Mot. to Dismiss at 1. In response, Taylor concedes that she filed on the ninety-first day after receiving the EEOC letter, but argues that the miscalculation should be excused under the doctrine of equitable tolling. Pl.'s Resp. at 2–3. Taylor argues that the procedural error sparked by the miscalculation constitutes an exceptional circumstance and good-faith error that justifies tolling. *Id.*

As an initial matter, it is worth distinguishing between equitable *tolling* versus equitable *estoppel*. *City of Chicago Heights v. LoBue*, 841 F. Supp. 819, 824 (N.D. Ill. 1994). "Equitable tolling delays the running of the statutes of limitations" if a plaintiff is prevented by some circumstance—but *not* a circumstance caused by the *defendant*—from timely filing her complaint despite due diligence in pursuing the claim. *Id.* (cleaned up). In contrast, equitable *estoppel* postpones the running of the statute of

limitations for any period where the *defendant* deliberately engaged in conduct aimed at preventing the plaintiff from pursuing her claim. *Id.* Here, there is no allegation that Averitt attempted to prevent Taylor from filing the complaint. So Taylor is invoking equitable tolling, not equitable estoppel.

The Seventh Circuit has consistently held that equitable tolling "is reserved for situations in which the claimant has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (cleaned up). In analyzing a plea for equitable tolling, the Seventh Circuit deems the "critical inquiry" as starting with whether the plaintiff acted with due diligence. *Bensman v. U.S. Forest Serv.*, 408 F.3d 945, 964 (7th Cir. 2005). But even if the plaintiff acted with due diligence, equitable tolling applies only in rare and exceptional circumstances. *See Xanthopoulos v. U.S. Dep't of Lab.*, 991 F.3d 823, 831–32 (7th Cir. 2021).

### A. Good-Faith Error

Taylor first argues that she made a good-faith error in counting out 90 days from receipt of the letter, and she thus exercised due diligence in filing the case. Pl.'s Resp. at 3. It is true that a plaintiff's good-faith error might qualify as complying with the diligence requirement—but only for mistakes of *law*, like when plaintiffs file their complaint in the wrong court or with the wrong state employment-rights agency. *See Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (noting that equitable tolling is restricted for situations in which the plaintiff has made a good-faith

6

error, and citing example of filing the suit in the wrong court); *Husch v. Szabo Food Serv. Co.*, 851 F.2d 999, 1004 (7th Cir. 1988) (holding that a plaintiff who filed the discrimination charge in the wrong state's agency and otherwise diligently pursued her claims could invoke equitable tolling). But the Seventh Circuit has not recognized as a good-faith error—even for pro se litigants—mistakes of *fact*, like miscalculating the number of days left in a filing deadline. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d at 850–51; *Flaherty v. Ill. Dep't of Corr.*, 1995 WL 290398, at *2 (N.D. Ill. May 10, 1995) (holding that the doctrine of equitable tolling is not applicable where the pro se plaintiff miscalculated federal holidays during the 90-day period); *Smith v. Nw. Mem'l Hosp.*, 2011 WL 5025240, at *4 (N.D. Ill. Oct. 17, 2011) (holding that a miscalculation due to attorney misconduct did not give rise to equitable tolling).

Unfortunately, the miscounting of what date would be 90 days after the receipt of the EEOC letter is a mistake of *fact*, not a mistake of law. Taylor does not argue that she was unaware that the *law* required suit to be filed within 90 days of the EEOC; indeed, the letter explicitly contained that warning in bold typeface. Compl. at ECF page number 7. Instead, she unfortunately miscounted what date the ninetieth day would be. Taylor cites to no precedent from this circuit to support the argument that miscounting the number of days amounts to a good-faith error that justifies equitable tolling. *See* Pl.'s Resp; R. 34, Pl.'s 2nd Resp. Indeed, precedent on deadline-related mistakes points the other way. *E.g.*, *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (explaining that, as "the Supreme Court[] and other courts have consistently held, mistakes or miscalculations of that sort by a party's attorney do not

satisfy the extraordinary circumstances element for equitable tolling"); *Conner v. Reagle*, 82 F.4th 542, 551 (7th Cir. 2023) ("Counsel's ignorance or miscalculation of a deadline or the failure to do sufficient legal research to ascertain the deadline, is ordinarily an insufficient basis in and of itself for equitable tolling, as it is not external obstacle."); *see also Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("Even reasonable mistakes of law are not a basis for equitable tolling. … Otherwise statutes of limitations would have little bite, and no value at all to persons or institutions. …")

Taylor primarily relies on *Payne v. Cook County Hospital*, 719 F. Supp. 730, 731 (N.D. Ill 1989), but that case is different from this one. There, the pro se plaintiff filed her complaint within 90 days of receiving the right-to-sue letter and worked diligently to pursue her legal claims by maintaining contact with the EEOC office in two states. *Id.* at 731. But it turned out that the plaintiff filed in the wrong district court (in California) instead of the correct one (in Illinois). *Id.* The district court in *Payne* applied equitable tolling because the plaintiff's mistake amounted to "excusable ignorance" of the right venue for the case. *Id.* at 733. Indeed, the California federal court could just as easily have *transferred* the case to the Illinois federal court under 28 U.S.C. § 1406(a), instead of dismissing it—thus preserving the earlier filing date of the lawsuit. *Payne,* 719 F. Supp. At 733.

In contrast, here nothing similar underlies the too-late filing of the lawsuit. Taylor does not allege that she filed the case in the wrong venue. There is no potential transfer-savings statute like 28 U.S.C. § 1406(a) that would otherwise render the lawsuit as timely filed. She simply miscounted what the right date would be. Even if

a mistake of law on venue can sometimes trigger equitable tolling, that is not what happened here.

## B. Due Diligence

Even if Taylor could successfully characterize the miscounting of the ninetieth day as an error that can qualify for equitable tolling, the other problem with applying tolling here is that she did not act with due diligence. It is true that plaintiffs who cannot discover the underlying claim until after the limitations period has expired might be able to invoke equitable tolling. *See Jones v. Res-Care, Inc.,* 613 F.3d 665, 670 (7th Cir. 2010) ("Equitable tolling may only extend a deadline when despite all due diligence, a plaintiff cannot obtain the information necessary to realize that he may possibly have a claim.") (cleaned up); *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.,* 167 F.3d 1170, 1174 (7th Cir. 1999) (holding that equitable tolling should be utilized when the plaintiff lacks vital information needed to discover their claim, despite all due diligence to uncover such information, and has an "excusable ignorance" of the limitations period); *Chakonas v. City of Chicago,* 42 F.3d 1132, 1135 (7th Cir. 1994).

Here, however, of course Taylor does not argue that she lacked knowledge of the underlying claim. Indeed, she filed the EEOC charge, so knowledge of the claim is not at issue. Worse, Taylor waited until what she thought was the very last day— that is, what she thought was the ninetieth day—to file the complaint. Taylor offers no explanation of why she cut it so close, so the filing of the lawsuit does not bespeak diligence. *See Knauf Insulation, Inc. v. Southern Brands, Inc.*, 820 F.3d 904, 908–10

(7th Cir. 2016); *Lax v. Mayorkas,* 20 F.4th 1178, 1183 (7th Cir. 2021) (holding that a plaintiff who filed his complaint one day after the 90-day period did not act with due diligence in preserving his legal right by making no effort to clarify the filing deadline and waiting until the last minute to file his complaint).

### C. Extraordinary Circumstances

Lastly, it is worth noting that Taylor also does not present any extraordinary circumstances that would trigger equitable tolling. It is true that extraordinary circumstances are not confined to physical obstacles to filing on time, but still the circumstances must be outside of the plaintiff's control and must prevent the timely filing. *See Dent v. Charles Schwab & Co.*, 121 F.4th 1352, 1353–54 (7th Cir. 2024). When evaluating whether a circumstance is extraordinary, the court seeks to weed out "a garden variety claim of excusable neglect" that would not warrant equitable tolling. *Irwin v. Dep't of Veterans Affs.,* 498 U.S. 89, 96 (1990).

Some examples of qualifying extraordinary circumstances are mental incapacity, lack of access to a law library, and (in some cases) severe and long-lasting medical conditions. *See Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016) (holding that mental incapacity justifies equitable tolling if the illness prevents the party from managing their affairs, which in turn affects their ability to understand their legal rights and act on their rights); *Socha v. Boughton*, 763 F.3d 674, 680 (7th Cir. 2014) (holding that a plaintiff whose access to the main law library was severely limited, leaving him with little opportunity to work on the complaint, was entitled to equitable tolling); *In re Couchell*, 2020 WL 6438511, at *3–4 (Bankr. N.D. Ill. Mar. 31, 2020)

(holding that medical conditions would likely trigger equitable tolling if the health problems spanned the entire limitations period or an unanticipated medical emergency leaves their counsel unable to function for at least half of the limitations period). But run-of-the-mill problems, like a technology obstacle, do not qualify. *See Lax v. Mayorkas,* 20 F.4th at 1181, 1183 (holding that technological problems with cell-phones and computers that prevented the plaintiff from viewing EEOC documents for just one day did not trigger tolling for the complaint, which was filed one day too late). Here, nothing akin to mental incapacity or custody-based cutoff from resources is at issue here. Taylor simply miscounted. As unfortunate as that is, it is not an extraordinary circumstance. *See Baldwin Cnt.y Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) (reminding courts that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

## IV. Conclusion

Averitt's motion for judgment on the pleadings, R. 20, is granted. The case is dismissed without prejudice, but a final judgement shall be entered.

ENTERED:

s/Edmond E. Chang

Honorable Edmond E. Chang
United States District Judge

DATE: September 11, 2025

11